EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN RODRÍGUEZ, acusado y apelante.

No. 3130.—*Visto:* Marzo 16, 1927. *Resuelto:* Marzo 25, 1927.

1. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—ACUSACIÓN O DENUNCIA—SU SUFICIENCIA—PORTACIÓN DEL ARMA EN REUNIÓN LÍCITA.—Una acusación por portar armas que alegue que el acusado portaba dicha arma *en una reunión lícita* es suficiente aún cuando nada en ella demuestre el carácter de dicha reunión y que las personas estuviesen en realidad reunidas con un fin lícito.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES AL "INDICTMENT", ACUSACIÓN O DENUNCIA—SUFICIENCIA DE ÉSTAS.—Siendo los defectos en una acusación susceptibles de ser subsanados por las pruebas, cuando en apelación sólo se levanta la insuficiencia de la acusación, en ausencia de la debida objección y de la prueba aducida durante el juicio, aquélla sirve, especialmente cuando ella informa suficientemente al acusado del delito imputádole.

SENTENCIA de *Roberto H. Todd, Jr., J.* (Ponce), condenando al acusado por delito de Portar Armas Prohibidas. *Confirmada.*

*Miguel Bahamonde,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] La denuncia presentada en este caso dice así:

     " *          *          *          *          *          *          *

"El referido Ramón Rodríguez, allá por el día 22 de agosto, 1926, y en el barrio Pulguillas de Coamo, Puerto Rico, que forma parte del Distrito Judicial de Ponce, Puerto Rico, ilegal y voluntariamente portaba y conducía una navaja barbera (en una reunión lícita), siendo dicha navaja, un arma o instrumento, con la cual puede causarse daño corporal.

     *          *          *          *          *          *          *

Después de celebrada la vista del caso la corte declaró al acusado culpable del delito de portar armas y le impuso seis meses de cárcel. La prueba no ha sido elevada a esta corte y el único error señalado es que la acusación es insuficiente.

Según el apelante esta era una acusación fundada en el artículo 2 de la Ley de junio 25, 1924, el que dice así:

"Art. 2. Toda persona que tomare parte o se introdujere en cualquier reunión congregada con un fin lícito, portando ilegalmente armas de las prohibidas en esta Ley, incurrirá en pena de prisión mínima de tres meses y máxima de un año."

La contención es que las palabras "en una reunión lícita" son meramente una conclusión de derecho y que la acusación no contiene nada que demostrara el carácter de dicha reunión, que las personas estuviesen en realidad reunidas o con un fin lícito.

Hasta cierto punto la acusación sigue el estatuto. El apelante alega que las palabras "en una reunión lícita" son meramente una conclusión de derecho. Si estas palabras tan sólo describían un sitio como un "salón de baile" tal vez estaríamos de acuerdo con el apelante, pero la palabra "reunión" indica una congregación de personas.

[2] El apelante dice que presentó una objeción a la acusación pero los autos no lo demuestran. Cualquier defecto en la acusación pudo haber sido subsanado por la prueba. Creemos que el acusado fué informado suficientemente de la naturaleza del delito imputádole y en ausencia de la debida objeción y de la prueba aducida durante el juicio no hallamos motivo para revocar la sentencia.

Además la sentencia declara al acusado culpable de portar un arma prohibida, lo que es consistente con una imputación general de portar un arma prohibida.

De todos modos la pena impuesta estaba dentro del límite fijado por la ley y *la sentencia apelada debe ser confirmada.*